Tim K. Brown
Utah Bar No. 13016
MOODY BROWN LAW
2525 North Canyon Road
Provo, Utah 84604
Telephone: (801) 356-8300
Facsimile: (801) 356-8400
tbrown@moodybrown.com

*Counsel for Defendant*
*Peak Restaurant Partners, LLC*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PEAK RESTAURANT PARTNERS, LLC, *et al.*,<br><br>    Defendant. | Civil No. 2:19-cv-00221-DBP |

**PEAK RESTAURANT PARTNERS, LLC'S MOTION TO DISMISS PLAINTIFF'S
<u>COMPLAINT PURSUANT TO RULE 12(b)(6)</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Peak Restaurant Partners, LLC ("Peak") moves to dismiss all claims and causes of action alleged in Plaintiff Modern Font Applications LLC's ("MFA") Complaint.  Because the Complaint does not allege any actions taken by Peak in contravention of the Patent Laws, it should be dismissed.

## I. BACKGROUND

MFA filed this action against Peak, Dine Brands Global, Inc., and DOES 1-5[1] for infringement of U.S. Patent No. 9,866,421 (the "'421 patent"), titled "Allowing Operating System Access to Non-Standard Fonts in a Network Document."  Complaint (Dkt. 1) ¶¶ 38-59. Dine Brands Global, Inc. franchises the popular IHOP restaurant chain.  Peak is a franchisee.

According the allegations in the Complaint, Defendants, through the IHOP application for iOS devices, infringed and continue to infringe the patent-in-suit.  *Id.* ¶ 42.  While the Complaint contains numerous assertions directed to *all* "Defendants" collectively and to a generic "Defendant" individually, it is wholly lacking in factual allegations linking Peak to the instrumentality actually accused of patent infringement: the IHOP application.  *See* Compl.

Plaintiff does not allege that ***Peak*** makes, uses, sells, offers for sale, imports or takes any other action enumerated in 35 U.S.C. § 271.  *See id.* ¶¶ 38-59.  The Complaint should be dismissed.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted.  *See OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015).  To survive a motion to dismiss, a

---

[1] The Complaint does not explain who the Doe defendants are or how they allegedly relate to MFA's allegations of patent infringement.

complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff may state a plausible claim by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In the patent infringement context, the complaint must provide notice to the defendant as to how it supposedly infringed the asserted patent. *Addiction and Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed. Appx. 934, 937 (Fed. Cir. 2015); *see also Progme Corp. v. Comcast Cable Commc'ns LLC*, No. 17-cv-1488, 2017 WL 5070723, at *6 (E.D. Pa. Nov. 3, 2017) (dismissing complaint because plaintiff failed to show that defendant had "any connection to the allegedly infringing instrumentalities"). In reviewing a motion to dismiss, the Court must accept the facts alleged in the complaint as true and make reasonable inferences in favor of the plaintiff. *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

### III.   ARGUMENT

Plaintiff has failed to plead sufficient facts, accepted as true, to put Peak on notice as to how it allegedly infringed the '421 patent. The Complaint does not contain any allegations connecting Peak to any accused instrumentality, including the IHOP application for iOS devices. Accordingly, the Court should dismiss MFA's claims against Peak for patent infringement.

To state a claim for patent infringement, a plaintiff must plead "some allegation of specific services or products ***of the defendants*** which are being accused" to "put Defendants on notice as to what activity, method, or procedure is alleged to infringe." *Carpenter*, 620 Fed. Appx. at 937 (emphasis added). Here, the Complaint contains no allegations of specific services, products, or conduct of Peak that allegedly infringed the patent-in-suit. *See* Compl. Indeed, the Complaint only ties the allegedly infringing IHOP application to a generic "Defendant" or

"Defendants," and does not specifically name Peak as an actor engaging in patent infringement. *See id.* ¶¶ 42-59.  For example, Plaintiff alleged that "***Defendants*** have directly infringed and continues to directly infringe . . . the '421 patent through making, using, selling, offering for sale, and/or importing of ***Defendant's*** products and service, including, but not limited to ***Defendants'*** IHOP application for iOS devices[.]"  *Id.* ¶ 42 (emphasis added).

Plaintiff does not allege any facts describing what Peak allegedly has to do with the accused instrumentality.  *See id.* ¶¶ 42-59.  Indeed, the only accused product – the "IHOP application for iOS devices" is simply not Peak's application, and MFA has not alleged otherwise.  *Id.* ¶ 42.  This is precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court rejected in *Iqbal*.  556 U.S. at 678.

In short, the Complaint does not state what Peak allegedly did or why it was named in this action.[2]  It does not put Peak on notice of what Peak supposedly did wrong.  *Carpenter*, 620 Fed. Appx. at 937; *Progme*, 2017 WL 5070723, at *6.

Because the Complaint does not set forth facts that, accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," the Court should dismiss MFA's Complaint for failure to state a claim upon which relief can be granted.  *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

## IV.   CONCLUSION

For the foregoing reasons, Peak respectfully requests that this Court dismiss all of Plaintiff's claims and causes of action with prejudice.

---

[2] It is Peak's belief that it was named in this action only in an effort to tie co-defendant Dine Brands to this District.

Dated: May 31, 2019                              Respectfully submitted,

                                                 By: */s/ Tim K. Brown*
                                                      Tim K. Brown

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record via ECF on this 31st day of May 2019.

        Respectfully submitted,

        By: */s/ Tim K. Brown*
           Tim K. Brown