Perry S. Clegg (USB 7831)
    pclegg@kba.law
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, Suite 1000
Salt Lake City, UT 84101
Tel.: (801) 994-4646
Fax: (801) 758-7436

*Attorneys for Plaintiff,*
Modern Font Applications LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>PEAK RESTAURANT PARTNERS, LLC,<br>*et al*.<br><br>Defendants. | Case No. 2:19-cv-00221-TS-DBP<br><br>**OPPOSITION TO DEFENDANTS'<br>MOTION TO STAY**<br><br>Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead<br><br><u>Jury Trial Demanded</u> |

Plaintiff Modern Font Applications LLC ("Plaintiff" or "MFA"), by and through its undersigned counsel, hereby respectfully submits this Opposition to Defendants' Motion to Stay Discovery Pending Resolution of Motions to Dismiss. ECF No. 35.

**I.    INTRODUCTION**

Defendants' motion to stay is just another meritless procedural attempt to delay justice in a meritorious case. Not only should the motion be denied, but an order to show cause should be

issued requiring defense counsel to show cause why they should not be sanctioned[1] for continuing to needlessly multiply proceedings in an unreasonable and vexatious manner.

Defendants hinge a large part of their motion on the unreasonable position that there is a likelihood that the motions to dismiss will resolve this case. There is nearly zero percent chance that either motion to dismiss will resolve this case.[2]

First, Defendant Peak Restaurant Partners LLC's ("Peak") motion to dismiss merely complains – without considering the actual allegations – that MFA did not identify how it infringes. Peak's motion is so weak and lacking in substance that MFA's opposition easily identified the specific allegations in the Complaint that Peak alleged were missing. As noted in MFA's opposition, MFA's Complaint does in fact inform Peak about how it infringes. Moreover, even if the Court were to deem the complaint insufficient as to Peak, Rule 15 gives MFA at least two chances (one as of right and at least one with the court's consent) to amend the complaint to address Peak's complaint.

Even a cursory review of the Complaint quickly reveals that MFA accuses Peak of inducing infringement through its advertisements and marketing that encourages customers to infringe by downloading the IHOP application for iOS and that, upon information and belief, Peak further directly infringes through its employees downloading and/or using the IHOP application for iOS and likely other applications in an infringing manner. Thus, there is pretty

---

[1] MFA is *not* requesting an award of attorney fees payable by Peak Restaurant Partners or Dine Brands to MFA. Rather MFA believes that defense counsel should be sanctioned under 28 U.S.C. § 1927 to discourage future misconduct.

[2] In MFA's Opposition to Peak's Motion to Dismiss, MFA showed that the motion is meritless and requested (in the alternative) leave to amend the complaint to include substantial evidence that Peak is inducing infringement. The evidence is clear and shows that Peak is advertising in a way that induces infringement.

much zero percent chance that Peak's motion will resolve this lawsuit as to Peak.

Second, Dine Brands Global, Inc.'s ("Dine") motion to dismiss does not establish that a case will not go forward against Dine in either this district or another. Dine argues that venue is not proper in this district while admitting that it is the "franchisor of the popular IHOP restaurant chain," that "Dine does own property in Utah," and that "Dine indirectly subleases property in Utah." (ECF No. 32-1 ¶¶ 3, 11). All three admissions establish both that venue is proper in the district and that, if there is any question about proper venue, then venue-related discovery will be needed. Hence, discovery should not be stayed. First, under 28 U.S.C. §1400 and the Supreme Court's *TC Heartland* decision, many courts look to whether a defendant owns, leases, or manages property in the district.[3] As established by Dine's admissions, it arguably does all three acts. And, as established by at least one court, a franchisor-franchisee relationship with a franchisee in the district can be enough to establish patent venue depending on the type of control that the franchisor exerts. In any event, Dine's motion will not dispose of this case and, to the extent that Dine pursues its venue argument, that motion will require that Plaintiff be given an opportunity to conduct venue-related discovery. Even if such discovery ultimately proves fruitless, Plaintiff will not be foreclosed from bringing suit in another appropriate district, *e.g.*, the district in California where Dine has its corporate headquarters (*see* ECF No. 32-1 ¶2). Thus, Dine's motion will not be dispositive.

In addition to incorrectly representing the potential impact of the motions to dismiss, Defendants also suggest that the Court consider a set of factors related to motions to stay an entire case *pending reexamination* of a patent. Here, there is *no* reexamination of a patent either

---

[3] Exemplary cases are not cited here, but MFA expects to cite them in its opposition to Dine's motion to dismiss.

Page 3

pending or suggested. Thus, the factors relied upon by Defendants have little meaning. The correct factors that should be used for consideration of whether to stay the discovery portion of a case in view of a motion to dismiss are set forth below. Those factors weigh against a stay.

Finally, as MFA has already noted in two separate briefs over the short tenure of this case, Defendants' primary strategy appears to be delay for the sake of delay. This motion to stay is merely a further attempt at more of the same. MFA notes that this motion provides another basis for the Court to consider a *sua sponte* order to show cause why Defendants' counsel should not be sanctioned under 28 U.S.C. §1927 or this Court's inherent power (including based upon Local Rule DUCivR 83-1.1(d)(2)(C), Utah Rule of Professional Conduct 3.2, etc.).

## II. LEGAL STANDARD

### A. *Motions to Stay*

"The parties seeking a stay bear the burden of 'establishing its need.'" *Osborn v. Brown*, no. 2:12-cv-775-TC-EJF (D. Ut. May 1, 2013)[4] (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). "For the Court to grant a stay, 'a party must demonstrate a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party.'" *Id.* (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

"In determining whether a stay is appropriate, courts often review the following factors: '(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'"

---

[4] Available at https://scholar.google.com/scholar_case?case=4922438769076419226.

*Purple Innovations, LLC v. Honest Reviews, LLC*, no. 2:17-cv-138-DB, 2017 U.S. Dist. LEXIS 85233 at *2 (D. Ut. June 1, 2017).

In a case mentioned by Defendants, a slightly different set of factors is recited (but not listed by Defendants in their motion): "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; (3) the interests and burdens on the parties; (4) the interests of others, such as nonparties or the public, in staying or proceeding with the case and (5) the impact to the court of staying a matter." *Fluent Home Ltd. v. Elbaum*, no. 2:18-cv-00570-TC, 2019 U.S. Dist. LEXIS 33364 at *4, 2019 WL 1002365 at ___ (D. Ut. Mar. 1, 2019) (denying stay after considering these factors).

"Courts have also recognized that a 'stay of all discovery is generally disfavored.'" *Purple Innovations*, 2017 U.S. Dist. LEXIS 85233 at *2; *see also SME Steel Contractors v. Seismic Bracing*, no. 2:17-cv-00702-RJS-EJF, ECF No. 58 (D. UT. Apr. 26, 2018) (minute entry denying stay of discovery even while granting-in-part motion to dismiss).

The factors suggested by Defendants, *i.e.*, "(1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties" are often considered by this Court when deciding to stay an <u>entire case</u> pending reexamination of a patent, but are not relevant with respect to Defendants' discovery stay request. *See, e.g., Lifetime Prods. v. Russell Brans, LLC*, no. 1:12-cv-26-DN, 2013 U.S. Dist. LEXIS 137795, 2013 WL 5408458 (D. Ut. Sept. 25, 2013) (permitting discovery to continue and staying only claim construction after considering motion to stay entire case pending patent reexamination); *Quest Software Inc. v. Centrify Corp.*, 2:10-cv-859-TS, 2011 U.S. Dist. LEXIS 28902, 2011 WL 1085789 (D. Utah Mar. 21, 2011) (denying motion to stay entire case pending patent reexamination); *C.R. Bard, Inc. v. Angiodynamics, Inc.*, Case No. 2:12-cv-35-

RJS, 2012 U.S. Dist. LEXIS 147541 (D. Utah Oct. 12, 2012) (considering whether to stay entire case pending patent reexamination); *Nexmed Holdings Inc. v. Block Investment, Inc.*, no. 2:04-cv-288-TS, 2006 U.S. Dist. LEXIS 3150 (D. Ut. Jan. 19, 2006) (denying stay pending reexamination).

## III. ARGUMENT

### A. *The Relevant Factors Weigh Against a Stay*

Defendants bear the burden of establishing the need for a stay, but did not do so. Rather, all of the relevant factors weigh against staying discovery. Defendants' motion should be denied.

#### 1. *The Plaintiff's Interests in Proceeding Expeditiously and Potential Prejudice to Plaintiff*

The first *Purple Innovations* factor, *i.e.*, "plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay," weighs against a stay. In general plaintiffs have an interest in "expeditious resolution" of their case(s). *Osborne v. Brown*, no. 2:12-cv-775-TC-EJF (D. Ut. May 1, 2013).

In this case, it is apparent that Plaintiff wishes to proceed expeditiously. MFA has already filed two briefs in the short tenure of this case in which MFA has noted displeasure with Defendants' repeated delays. *See, e.g.,* ECF No. 34 pp. 2-3; ECF No. 36 pp. 3-7. Thus, it is plain that Plaintiff prefers to proceed expeditiously.

With respect to prejudice, at least Judge Stewart of this court has held that a Defendant's ongoing infringement prejudices a Plaintiff. *Nexmed Holdings Inc. v. Block Investment, Inc.*, no. 2:04-cv-288-TS, 2006 U.S. Dist. LEXIS 3150 at *6 (D. Ut. Jan. 19, 2006) ("[A] stay would both unduly prejudice Plaintiff and [advantage] Defendants. If the Court were to stay this matter,

Plaintiff faces the possibility that it may continue to be harmed by Defendants alleged infringing actions."); *see also Osborne v. Brown*, no. 2:12-cv-775-TC-EJF (D. Ut. May 1, 2013) ("Courts have declined to stay civil proceedings where delay would prejudice the plaintiffs' interests because of the defendants' continuing misconduct …"). Here, Defendants' infringement is ongoing,[5] so MFA faces the same type of prejudice and harm identified by Judge Stewart in *Nexmed*.

This factor weighs against a stay.

### 2. The Burden on Defendants

The second *Purple Innovations* factor, *i.e.*, "the burden on the defendants," weighs against a stay.

The situation here is similar to that seen in *Purple Innovations*, wherein the burden to defendants with proceeding in discovery will be light. Specifically, even if both Defendants' motions to dismiss are granted, the case against them will proceed. If MFA's complaint is dismissed, MFA will refile either here or in another district. Facing a similar situation, the *Purple Innovations* court found "that Defendants [] would not be unduly burdened by engaging in discovery, as their Motion to Dismiss, even if granted, would likely result in continued litigation elsewhere." 2017 U.S. Dist. LEXIS 85233 at *3. That situation is identical to this case where litigation will continue either here or in another district, regardless of whether either defendant's motion to dismiss is granted.

In *Purple Innovations*, the Court also noted that the "burden is limited by the short time period remaining between now and [the date] when the motion will be heard." *Id.* A similar

---

[5] *See, e.g.*, ECF No. pp. 15-17 (showing examples of ongoing infringement); ECF No. 2 (Complaint) at ¶¶54-58 (alleging ongoing infringement).

situation applies here (at least with respect to Peak), because MFA was able to file its opposition brief (ECF No. 36) one week after Peak's motion (ECF No 33), meaning that the reply memorandum will be due and the motion will be ready for decision no later than June 21.

### 3. The Convenience to the Court

The third *Purple Innovations* factor, i.e., "the convenience to the court," weighs against a stay.

As noted in *Fluent Home*, "the impact to the court in staying this matter is minimal. In fact, allowing discovery may expedite the settlement of this case." 2019 U.S. Dist. LEXIS 33364 at *5. The same is likely true here. In fact, in a related case (*Modern Font Applications LLC v. Allegiant Travel Company*, no. 2:18-cv-00649-TS-DBP), Magistrate Judge Pead granted permission to file a full motion to compel discovery (ECF No. 56 in that case) and four days later the parties jointly sought a stay to pursue settlement discussions (ECF No. 58 in that case). While MFA does not expect such prompt action here, denying a stay is more likely to expedite settlement and granting a stay is more likely to delay settlement. Thus, this factor weighs against a stay.

### 4. The Interests of Persons Not Parties to the Civil Litigation

As to the fourth *Purple Innovations* factor, defendants have not identified any interests of non-parties that would be served by a stay. The absence of such interests weighs against a stay.

### 5. The Public Interest

Regarding the fifth *Purple Innovations* factor, defendants have not identified any public interest issues that would favor a stay. The public interest, however, favors prompt justice and the prompt resolution of civil litigation. *See Orbit Irrigation Prods., Inc. v. Sunhills Int'l, LLC*,

no. 1:10-cv-00113-RJS-EJF (D. Ut. Nov. 2, 2012)[6] ("[T]he Court and the public have 'a strong interest in keeping litigation moving to conclusion without unnecessary delay.'"). This weighs against a stay.

### 6. *The Case Law Cited by Defendants is Inapposite*

Defendants cite *Williams v. Stewart Title Co.*, no. 18-cv-00397-PAB-NRN, 2018 U.S. Dist. LEXIS 174957, 2018 WL 4926450 (D. Co. Oct. 10, 2018) for the proposition that a stay is appropriate where a dispositive motion may dispose of the entire action. ECF No. 35 p. 4. However, in *Williams*, the defendant was arguing for dismissal based on claim or issue preclusion and the Court stayed discovery to allow a pending state court appeal and related motion to dismiss to be resolved. 2018 U.S. Dist. LEXIS 174957 at *4, *8-*10. In *Williams*, there was a high chance that "Ms. Williams' state court appeal will more than likely be determinative of what claims Ms. Williams can assert [] in this case." *Id.* at *8. Here, however, there is no possible outcome of either defendant's motion that could result in MFA being barred from bringing a claim; at worst, MFA might be ordered to file a revised complaint. Moreover, in *Williams*, the plaintiff had already conducted discovery in the related state court case and was seeking "identical" discovery in a second case, so staying discovery in *Williams* would have had little effect.

Similarly, *Vivid Tech* is inapposite. In *Vivid Techs., Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795 (Fed. Cir. 1999), the Court was not considering a Rule 12 motion to dismiss. Rather, the district court dismissed a counterclaim due to a Rule 11 violation and stayed discovery to require that the amended complaint "have a proper Rule 11 basis." 200 F.3d at 800-

---

[6] Accessible at . https://scholar.google.com/scholar_case?case=11017228284987125103.

801. The reason for the stay was so that "AS&E could not simply present an infringement counterclaim for which supporting evidence might later be discovered." *Id.* at 801. Unlike *Vivid Tech*, in this case, there is no allegation of an alleged Rule 11 violation against MFA nor has there been any dismissal of MFA's complaint based upon a Rule 11 violation. While a stay may have been merited in *Vivid Tech* due to the counterclaim plaintiff's Rule 11 violations, no such situation exists here.

And *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.* is also inapposite. In *Chavous*, the Court was considering motions that the Court had determined were "the parties' dispositive motions," including both summary judgment and motions to dismiss. *Chavous*, 201 F.R.D. 1, 2 (D.D.C. 2001). While the *Chavous* court considered dispositive motions, as noted above, there is no chance that either motion to dismiss here will be dispositive. Plaintiff MFA already filed its opposition to Peak's motion to dismiss (*see* ECF No. 36), in which MFA argued that the motion was meritless and also indicated that there was additional evidence that could be pled if necessary. *See, e.g.,* ECF No. 36 pp. 15-17. MFA expects a similar response to Dine Brands' motion. Thus, unlike *Chavous*, neither pending motion here is dispositive.

## IV. CONCLUSION

All five of the factors that are normally considered in determining whether to stay discovery at this stage weigh against a stay. Defendants' did not carry their burden to establish the "need" for a stay. Defendants' motion should be denied.

In view of the utter baselessness of the motion to stay (*i.e.*, all five factors weigh against a stay) and Defendants' attorneys' ongoing pattern of seeking delay, MFA hopes that the Court will consider a *sua sponte* order to show cause regarding sanctions against defense counsel. Moreover, in addition to failing to carry their burden, Defendants provided the Court irrelevant

factors related to stays pending patent reexamination proceedings, which situation does not exist here. All of this should be considered in view of the pattern shown in prior filings in this case and other cases, as set forth, for example, in ECF No. 36 pp. 3-6 and ECF No. 34 p. 2.

Dated: June 17, 2019

Respectfully submitted,

By: */s/ Perry S. Clegg*

Perry S. Clegg (USB 7831)
pclegg@kunzlerlaw.com
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, Suite 1000
Salt Lake City, UT 84101
Tel.: (801) 994-4646
Fax: (801) 758-7436

*Attorneys for Plaintiff,*
Modern Font Applications LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the District of Utah, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

          */s/ Perry S. Clegg*