IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MODERN FONT APPLICATIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PEAK RESTAURANT PARTNERS, LLC, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT PEAK'S MOTION TO DISMISS <br><br><br> Case No. 2:19-CV-221 TS <br><br> District Judge Ted Stewart |

This matter is before the Court on Defendant Peak Restaurant Partners' ("Peak") Motion to Dismiss. For the reasons discussed below, the Court grants Peak's Motion to Dismiss, but does so without prejudice, and permits Plaintiff Modern Font Applications ("MFA") to file a motion for leave to file an amended complaint.

I. BACKGROUND

MFA is the exclusive licensee of the U.S. Patent No. 9,866,421 (the "'421 patent") titled "Allowing Operating System Access to Non-Standard Fonts in a Network Document," invented by Mr. Robert G. Adamson. As the exclusive licensee, MFA retains the right to sue for infringement of the '421 patent. Peak is a franchisee that operates several IHOP chain establishments franchised by Defendant Dine Brands Global, Inc. ("Dine").

MFA names Dine, Peak, and Does 1–5 in its Complaint. In the Complaint, MFA alleges that i) the "Accused Product," has resulted in infringement of the '421 patent "through making, using, selling, offering for sale, and/or importing of Defendant's [sic] products and service including, but not limited to" the IHOP application; and that ii) "Defendant" has actively induced

1

and continues to induce others to infringe the '421 patent through advertising and marketing materials.[1]

Peak has moved to dismiss MFA's claims against it. Peak contends that the Complaint does not allege any specific facts directly relating to Peak that would warrant being named in the Complaint. Peak states that the "Accused Product," namely the IHOP application for iOS devices, "is simply not Peak's application," and that the lack of facts indicating what Peak's role in the alleged infringement establishes grounds for dismissal of the claims and causes of action against Peak.[2]

In response, MFA argues several issues. First, MFA suggests to the Court that sanctions are warranted in this case because Peak's Motion to Dismiss is without merit, and for the delay Peak has allegedly caused by requesting an extension of time to respond to the Complaint immediately following the Complaint being filed. MFA responds that in fact, the Complaint does clearly indicate Peak's role in the alleged infringement and should thus withstand a motion to dismiss. MFA explains that specific acts of both direct infringement, such as making and using an infringing product, and inducement of infringement, through advertisements and marketing materials geared towards encouraging customers to infringe the '421 patent, are detailed in the Complaint. Finally, MFA requests, if this Court finds that the Complaint is indeed insufficient, that MFA be permitted to file an amended complaint to add the "ample additional evidence" that exists to meet the pleading standards of *Iqbal* and *Twombly*.[3]

---

[1] Docket No. 2, ¶¶ 42, 54.
[2] Docket No. 33, at 4.
[3] Docket No. 36, at 15.

## II. MOTION TO DISMISS STANDARD

"In patent cases, courts previously looked to Federal Rules of Civil Procedure 84, which in turn referred to . . . Form 18 . . . ." to determine the extent a complaint must delineate wrongful actions warranting a claim for relief.[4] However, "[a]s of December 1, 2015, Rule 84 and Form 18 were abrogated and are no longer in effect."[5] Rather, *Iqbal* and *Twombly* "govern in patent cases."[6] Additionally, the Federal Circuit has explained that the law of the regional circuit, here Tenth Circuit precedent, applies in patent law cases to issues involving a procedural question, such as a Rule 12(b)(6) motion to dismiss.[7]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[8] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[9] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me

---

[4] *The Beer Barrel, LLC v. Deep Wood Brew Prod., LLC*, No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874, at *3 (D. Utah Oct. 12, 2016) (quoting *Footbalance Sys., Inc. v. Zero Gravity Inside, Inc.*, Case No. 15-cv-1058-JHS (DHB), 2016 WL 5786936, at *2 (S.D. Cal. Oct. 4, 2016)).

[5] *Id.*

[6] *Id.*

[7] *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007) ("A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law. Thus, on review we apply the law of the regional circuit.") (citing *C & F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000)).

[8] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

accusation."[10] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[12]

As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[13]

In the patent infringement context, "*Twombly* and *Iqbal* require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed."[14]

IV. DISCUSSION

For the reasons discussed below, the Court denies MFA's requests that amount to motions for sanctions and for leave to file an amended complaint, grants Peak's Motion to Dismiss but without prejudice, and permits MFA to file a motion for leave to file an amended complaint.

---

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[12] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[13] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[14] *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x. 934, 936 (Fed. Cir. 2015).

4

A. *Requests for Sanctions and to File an Amended Complaint*

MFA's requests to the Court regarding sanctions and filing an amended complaint amount to motions embedded in a response brief[15] prohibited by DUCivR 7-1(b)(1)(A). The local rule explicitly states that "[n]o motion . . . may be included in a response or reply memorandum."[16] If MFA wishes to make the request for sanctions, then it should "be made in a separate document."[17] The same is true for MFA's motion to file an amended complaint.[18] Because these requests have not been properly brought, the Court will not entertain them at this juncture.

Further, even if the Court were to consider sanctions under 28 U.S.C. § 1927, the evidence before the Court does not arise to the "extreme standard" that must be met in order for sanctions to be appropriate.[19] In this case, Peak through counsel has only requested one extension, and there is no evidence supporting the contention that Peak counsel's behavior amounts to serious and standard disregard for the orderly process of justice. Therefore, the Court would not impose sanctions at this point in the litigation process as there are no grounds for such.

B. *Requirement for a Well-Pleaded Complaint*

MFA's Complaint does not provide adequate factual information to support its allegations against Peak and therefore does not give Peak "fair notice" of the claims lodged against Peak. The

---

[15] *Cornaby's LLC v. Carnet, LLC*, Case No. 2:14-cv-00462-JNP, 2017 WL 1437063, at *4 (D. Utah Apr. 21, 2017).

[16] DUCivR. 7-1(b)(1)(A).

[17] *Id.*

[18] *See id.*; *see also Just Us Realtors, LLC v. Nudge, LLC*, No. 2:18-cv-00128-TC-CMR, 2019 WL 2526731, at *10 (D. Utah June 19, 2019); *Roundy v. Wells Fargo Bank*, No. 2:12-cv-1032-DN-DBP, 2013 WL 4047112, at * 2 (D. Utah Aug. 9, 2013).

[19] *See Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (quoting *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997)).

First Claim for Relief begins by stating that "Defendants have directly infringed and continues [sic] to directly infringe . . . through making, using, selling, offering for sale, and/or importing of Defendant's [sic] products and services including, but not limited to Defendants' [sic] IHOP application for iOS devices, including at least version number 2.1.0 . . . (the 'Accused Product(s)')."[20] The Complaint goes on to state that "Defendant Dine Brands provides the Accused Product(s)" for use "via a storage device" that can be attached to a computer, and from within the storage device, "Defendant Dine Brands provides the iOS application in a computer-readable file."[21]

In the following paragraphs, the Complaint explains how the "Defendant's" Accused Product operates and therefore how the Accused Product is infringing upon the '421 patent.[22] In paragraph 53, MFA then states that "Defendant has notice of their infringement of the '421 patent," and in paragraph 54, "Defendant has actively induced and continue [sic] to actively induce others to infringe the '421 patent."[23] The Complaint then continues to use "Defendant" in the singular for the remainder of the Complaint.[24]

Even assuming the allegations in the Complaint to be true, there is not sufficient factual information to indicate with certainty who is actually being named in the allegations of direct and indirect infringement. In the first portion of the First Claim for Relief, the Court could reasonably assume that the "Defendant" referred to is Dine because of MFA's explanation that Dine has

---

[20] Docket No. 2, ¶ 42.
[21] *Id.* ¶ 43.
[22] *Id.* ¶¶ 44–50.
[23] *Id.* ¶ 53, 54.
[24] *Id.* ¶¶ 54–59.

created the Accused Product. However, beyond paragraph 53, the exact identity of "Defendant" becomes unclear. Even given the benefit of the doubt, MFA has not provided enough factual basis to allow the Court to "draw the reasonable inference" that Peak "is liable for the misconduct alleged," because there are six other named "Defendants" listed in the Complaint when the Doe Defendants are included.[25] The lack of factual matter is apparent and, if left unaltered, potentially fatal to MFA's direct and indirect infringement claims against Peak.

## V. CONCLUSION

Based on the foregoing reasons, the Court grants Peak's Motion to Dismiss (Docket No. 33) but does so without prejudice, and permits MFA to file a motion for leave to file an amended complaint in accordance with Federal Rule of Civil Procedure 15 and DUCivR 15-1. Any such motion must be filed within 28 days of this Order.

DATED this 12th day of August, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[25] *Id.* at 1.