Perry S. Clegg (USB 7831)
    pclegg@kba.law
**KUNZLER BEAN & ADAMSON, PC**
50 W. Broadway, Suite 1000
Salt Lake City, UT 84101
Tel.: (801) 994-4646
Fax: (801) 758-7436

*Attorneys for Plaintiff,*
Modern Font Applications LLC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC,<br><br>      Plaintiff,<br><br>v.<br><br>PEAK RESTAURANT PARTNERS, LLC, *et al*.<br><br>      Defendants. | Case No. 2:19-cv-00221-TS-DBP<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND FOR INITIAL SCHEDULING CONFERENCE AND TO LIFT DISCOVERY STAY**<br><br>Judge Ted Stewart<br>Magistrate Judge Dustin B. Pead<br><br><u>Jury Trial Demanded</u> |

Plaintiff Modern Font Applications LLC ("Plaintiff" or "MFA"), by and through its undersigned counsel, hereby respectfully submits this reply in support of its motion (a) for leave to file amended complaint and (b) for initial scheduling conference and (c) to lift discovery stay. This Court should grant all three portions of MFA's motion: (1) allowing the amended complaint; (2) lifting the discovery stay; and (3) setting a scheduling conference.

## I. Introduction

Defendant's[1] opposition brief is rife with misdirection and fails to recognize that the Court dismissed the Complaint against Peak Restaurant Partners LLC ("Peak") solely because "there is not sufficient factual information to indicate with certainty who is actually being named in the allegations of direct and indirect infringement." (ECF No. 48 p. 6). As the Court explained, "beyond paragraph 53, the exact identity of 'Defendant' becomes unclear."

The amended Complaint addresses the sole deficiency identified by the Court (above) and alleged by Peak: "In short, the Complaint does not state what Peak allegedly did or why it was named in this action." (ECF No. 33 p. 4). For example, the amended Complaint specifies:

- … employees of Defendants Peak and one or more of DOES 1-5 use the accused products and systems in the state of Utah. (¶ 20)
- … Peak, and one or more of DOES 1-5 direct advertising into the state of Utah that induces customers to infringe the '421 patent through use of the accused products and systems in the state of Utah (¶ 20)
- … Defendant Peak and DOES 1-5 have directly infringed and continue to directly infringe at least claims 1 and 11, and upon information and belief claim 6, and dependent claims of the '421 patent at least through making, using, and/or

---

[1] MFA notes that the brief is styled as a brief by "Defendants" and defines "Defendants" as Peak Restaurant Partners, LLC, Dine Brands Global, Inc., and DOES 1-5. ECF No. 126 p. 8. However, MFA respectfully submits that Dine Brands Global, Inc. has been dismissed without prejudice and is not properly a party to a motion related to Peak. And the counsel who signed the brief has not made an appearance on behalf of the DOE defendants.

    importing of Defendant Dine Brand's products and services including, but not limited to the Accused Products.[2] (¶ 42)

- Paragraphs 43-52 list specific acts taken by Peak.

- "… Peak and DOES 1-5 have continued to advertise and induce customers to infringe the '421 patent by installing and/or using the Accused Product(s) in an infringing manner. For example, Defendants Peak and one or more of DOES 1-5, through Peak's restaurant located at 5277 S. State St., Murray, UT, has continued to induce customers to infringe by downloading and using the IHOP application as demonstrated in the following photograph of a menu that was presented to customers in at least June 2019: [photo not reproduced in this brief] (¶ 55)

- As another example of inducing infringement by Defendants Peak and one or more of DOES 1-5, through Peak's restaurant located at 2487 S. 800 W., Woods Cross, UT, Peak and one or more of DOES 1-5 continued to induce customers to infringe by downloading and using the IHOP application, as demonstrated in the following photograph of a menu that was presented to customers in at least June 2019: [photo not reproduced in this brief] (¶ 57)

Such pleadings, with specific examples of direct and induced infringement go beyond the minimum needed to specifically identify the accused acts taken by Peak.

As noted below, Peak's complaints about the presence of the allegations against Dine Brands are without merit. MFA is required to leave those allegations in the complaint to avoid waiving its expected appeal regarding the improper dismissal of Dine Brands and denial of MFA's requests for complete venue discovery, etc.

Finally, because Peak is precluded from bringing further Rule 12 motions on additional issues (per Rule 12(g)(2)), the case will proceed apace. Thus, discovery should be reopened and a scheduling conference set.

---

[2] "Accused Products" are defined in ¶ 42 of the amended Complaint to include at least Dine Brands' IHOP application for iOS devices, including at least version number 2.1.0, released on March 12, 2018. The definition is not limited to only this application.

## II. The Motion for Leave Should be Granted

MFA replies to Peak's arguments in the order that they appear in Peak's opposition brief.

### a. The Allegations Regarding Dine Brands Are Properly In The Amended Complaint

With respect to Peak's assertion that MFA should have, but did not, remove Dine Brands from the amended Complaint (ECF No. 126 p. 8), it is true that MFA did not remove references to Dine Brands in making the clarifications requested by the Court. But this is not in defiance to the Court's venue ruling as suggested by Peak. Rather, MFA expects to appeal both the dismissal of Dine Brands and the denial of MFA's requests for complete and meaningful venue discovery. Because MFA expects to appeal, MFA is required to maintain the references to Dine Brand's acts and the dismissed claim(s) against Dine Brands within the amended Complaint. The Third Circuit clarified this rule, stating that plaintiff "waived his right to appeal the District Court's dismissal of [one co-defendant] from the Second Amended Complaint by failing to replead claims against [that co-defendant] in his Third Amended Complaint." *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 515 (3rd Cir. 2007). The Third Circuit held,

> When a plaintiff's amended complaint leaves out a party previously named in the preceding complaint, the equitable principles we enunciate here apply even more strongly because parties that do not appear in amended complaints have a legitimate expectation that they are no longer involved in the litigation.

*United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 516 (3d Cir. 2007); *see also Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*) (requiring repleading of claims dismissed without prejudice, but not requiring repleading of claims dismissed with prejudice); *but see Graham v. Hubbs Mach. & Mfg.*, No. 4:14-CV-419 (CEJ), 2015 U.S. Dist. LEXIS 178609, at *5 (E.D. Mo. June 15, 2015) (discussing conflicting authority in Eighth Circuit that might or might not require maintaining the dismissed claims in an amended

complaint).

Under the Third Circuit rule, MFA is required to maintain the claims against Dine Brands in the amended Complaint lest it be found to have waived them in the coming appeal.

MFA has not located any Tenth Circuit case squarely addressing the dismissal of a party as opposed to the dismissal of a claim. In *Davis v. TXO Prod. Corp.*, the Tenth Circuit addressed the dismissal of one claim on the merits – as contrasted with the dismissal of a co-defendant (Dine), on procedural grounds (venue). The Tenth Circuit stated, "[W]e do not require a party to reallege a cause of action on which the district court has conclusively ruled." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1518 (10th Cir. 1991). Notably, the Tenth Circuit did not consider dismissal of a party and did not consider non-conclusive dismissal merely on procedural grounds. Sixteen years after *Davis v. TXO*, the Third Circuit highlighted this distinction, stating, "As far as our research suggests, no appellate court has yet faced the amended complaint waiver rule where, as here, the amended complaint leaves out a defendant rather than merely a cause of action." *U.S. ex rel. Atkinson*, 473 F.3d at 516. And, on its face, the *Davis v. TXO* opinion relates only to dismissal of a cause of action, not a defendant.

Thus, the only applicable rule that MFA could locate is that of the Third Circuit, which requires that MFA maintain the allegations against Dine Brands in the amended Complaint, even though MFA recognizes that the Court has dismissed Dine Brands and plans to appeal that dismissal (and concomitant rulings).

Peak's purported summary of the *Oliver v. Nielson* case (at ECF No. 126 p. 9), stating it was related to venue dismissal is wrong and neither addresses this rule nor comports with what MFA found. MFA did legal database searches for the word "venue" in connection with "Oliver"

and "Nielson" in this district and did not find any indication that venue was involved despite Peak's statement that it was a "venue" dismissal.  Rather, it appears plaintiff Oliver was a disbarred attorney who brought claims naming multiple parties but, facing a Rule 12(c) motion, admitted that he hadn't intended to bring the claims against several parties.  *Oliver v. Nielson*, No. 1:16-cv-155-JNP-BCW, 2017 U.S. Dist. LEXIS 119906, at *3-*4 (D. Utah June 8, 2017).  So, after multiple rounds of attempted amendments, the Court ordered him to remove the dismissed parties that the plaintiff never intended to be included.  *Oliver v. Nielson*, 2018 U.S. Dist. LEXIS 58598 at *8, 2018 WL 1662621 at ___ (D. Ut. April 5, 2018).  Where a plaintiff admitted that he did not intend to make allegations against various defendants, there was no need to preserve the dismissed claims for appeal.  Thus, in *Oliver v. Nielson*, the claims were properly removed from the complaint (perhaps pursuant to Fed. R. Civ. P. 12(f), although not so stated in the opinions).

Finally, while not bearing on the outcome of this motion, MFA believes it is important to correct a statement by Peak.  Peak alleges "The parties already engaged in extensive discovery regarding venue…"  (ECF No. 126 p. 8).  This is wrong.  Despite MFA's multiple requests for appropriate venue discovery, the Court limited MFA to a single 4-hour Rule 30(b)(6) deposition and barred all other discovery (including at least depositions, document production, interrogatories, admissions, and subpoenas).  When Dine's witness admitted he had not prepared for the deposition and MFA moved for sanctions, the Court allowed a second 4-hour Rule 30(b)(6) deposition on a more limited set of topics.  But MFA was denied a reasonable opportunity to take complete and meaningful venue discovery.  Thus, Peak is incorrect in asserting that amendment of the complaint would be futile; after the appellate court either

reverses the dismissal or allows appropriate venue discovery, it will become apparent that future amendment as to Dine will not be futile.

### b. Peak Is Not Permitted to Argue a Second Rule 12 Motion to Dismiss

Peak improperly attempts to gain a second, impermissible, Rule 12 motion through its opposition brief. That is, despite Rule 12(g)(2)'s prohibition on successive Rule 12 motions, Peak now argues that the allegations are insufficient as to direct infringement, indirect, infringement, and contributory infringement. Peak argues that the amended Complaint would "not survive a motion to dismiss under [Rule] 12(b)(6)." (ECF No. 126 p. 9). But Peak made no such allegations in its Rule 12 motion; thus, a Rule 12(b)(6) motion cannot be brought.

Rule 12(g)(2) states, in relevant part, "…a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). There is an exception to this prohibition, but the exception is not applicable here.

In Peak's first Rule 12 motion, Peak argued that the Complaint "does not state what Peak allegedly did or why it was named in this action." (ECF No. 33 p. 4). In its reply brief, Peak clarified its argument, stating, "MFA's blurred allegations against the 'Defendants' do not provide sufficient detail, accepted as true, to state a claim specifically as to Peak." (ECF No. 40 p. 2). Peak continued, "it is unclear from the face of the Complaint which defendant MFA alleges performed which, if any, of the supposedly infringing acts." (*Id.* at 3). It is plain from these statements that Peak was on notice in early 2019 of the "supposedly infringing acts", but just claimed to not know that MFA was making the allegation against Peak. In its earlier reply, Peak also raised a new argument that "The Complaint Does Not Adequately Plead Induced

Infringement." (ECF No. 40 p. 4). But this reply argument was not raised as part of the Rule 12 motion; arguments initially raised on reply are not considered part of a motion.

Now, in its opposition brief, Peak includes multiple new Rule 12 arguments that the amended Complaint "fails to plead sufficient allegations showing a plausible claim of" direct, indirect, and contributory infringement. (ECF No. 126 pp. 9-11). These arguments are merely an attempt to improperly skirt around Rule 12(g)(2). Each of these arguments was available to Peak when it filed its first motion in May 2019. And MFA did not reduce the factual statements in the amended Complaint, but rather added additional factual statements. (*See, e.g.*, amended Complaint ¶¶ 55-57). Thus, because the original complaint was not challenged for having insufficient allegations, the amended complaint with enhanced allegations cannot give rise to such a challenge.

Accordingly, the arguments in Section III B of Peak's opposition were waived when they were not included in the May 2019 motion. Fed. R. Civ. P. 12(g)(2).

c. **Even if Permitted, Which It Is Not, a Second Rule 12 Motion Would Not Succeed**

Even if Rule 12(g)(2) did not prohibit a second Rule 12 motion, such a motion as suggested in Peak's opposition would not succeed.

Peak states that inducement is insufficiently pled, because the Complaint fails to identify how Peak's menu encourages direct infringement. (ECF No. 126 p. 10). To the contrary, the menu plainly states, "… download our mobile app." (amended Complaint ¶¶ 55, 57). The paragraphs in which the photos of the menus are included state, "Peak … has continued to induce customers to infringe by downloading and using the IHOP application…" (*Id.*). That is

the act of direct infringement. MFA is not required to identify specific customers.[3] Paragraph 20 further states that customers "use the accused products and systems" and "customers [] infringe the '421 patent through use of the accused products and systems…" Under 35 U.S.C. §271(a), a customer's "use" of an accused system is an act of direct infringement.

Peak states that direct infringement is insufficiently pled, because the Complaint asserts "use" of accused products but does not describe the "use." This argument is nonsensical. Under 35 U.S.C. §271(a), "use" of an accused product by Peak is direct infringement.

Peak further argues that MFA does not allege "which use by which agents are the alleged acts" as support for Peak's position that the pleading is inadequate. Peak cites *Lifetime v Trim-Lok* for support that "a plaintiff properly pleaded infringement by identifying … 'who performed the allegedly infringing act (an agent or employee of the accused infringer).'" (ECF No. 126 p. 9). This argument is contradictory to the holding in *Lifetime*. In that case, "Life-time alleged that 'at least one representative, agent, or employee of' Trim-Lok" performed the infringing act. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1375 (Fed. Cir. 2017). The Federal Circuit held,

> Trim-Lok's complaints concerning lack of detail ask for too much. There is no requirement for Lifetime to 'prove its case at the pleading stage.'… Lifetime identified … who performed the allegedly infringing act (an agent or employee of Trim-Lok)… Life-time's pleadings [are] sufficiently plausible to survive a motion to dismiss.

*Id.* at 1379. Thus, alleging that "an agent or employee of" defendant infringed is sufficient.

---

[3] *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) ("To state a claim for indirect infringement, therefore, a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists.").

Here, MFA alleged, "employees of … Peak … use the accused products and systems in the state of Utah…"  The pleading is adequate under *Lifetime v. Trimlok*.

Finally, MFA has not alleged that Peak contributes to infringement under 35 U.S.C. §271(c).  Paragraph 58 of the amended Complaint clearly states, "Defendant Dine Brands has contributed to and continues to contribute to the infringement of the '421 patent."  Peak is not mentioned.  Peak's complaint is with paragraph 61, which is part of the willful infringement allegations.  It states, "All Defendants' infringement of the '421 patent is willful.  All Defendants have knowingly and willfully continued to … [directly] infringe the '421 patent, contribute to such infringement, and/or induce such infringement by third parties."  (amended Complaint ¶ 61).  Note the use of "and/or" specifying for the defendants that one or more of those acts has continued.  However, as noted above, the contributory infringement allegations are specifically stated in paragraph 58 and relate only to Dine, not Peak.

Thus, while Peak is not permitted to bring a second Rule 12 motion, it should be apparent that the amended Complaint would survive such a motion.

### d.  Defendants Would Not Be Prejudiced

Peak incorrectly alleges that the Defendants would be prejudiced by "filing motions to dismiss on the grounds previously addressed (and granted) by this Court…"  Not so.

First, Dine has been dismissed and has no reason to respond to the amended Complaint. Dine need merely wait until MFA's appeal is taken.

Second, Peak cannot file a motion to dismiss.  Rule 12(g)(2) bars successive Rule 12 motions.  And MFA amended nothing more than curing the purported deficiencies noted by the Court and Peak's earlier reply brief.  Thus, any alleged prejudice is non-existent.  Further, even if

Peak were permitted to file a Rule 12 motion, a party's desire to file such a motion does not amount to prejudice that would bar a plaintiff's right to amend its Complaint to address a purported deficiency identified by the Court.

### III. The Discovery Stay Should be Lifted

Peak argues that the discovery stay should not be lifted until "the parties reach resolution on the threshold issue of whether MFA has plead sufficient facts showing a plausible infringement claim." (ECF No. 126 p. 12). MFA submits that this issue will be resolved when the Court rules on this motion. If MFA corrected the purported deficiency that the Court identified, then the motion will be granted and MFA will file its amended complaint. Peak will be barred from further motions to dismiss under Rule 12. So Peak will file its answer and the case will proceed apace.

If the Court grants the motion for leave to file the amended Complaint, there is no reason to keep the discovery stay in place.

### IV. A Scheduling Conference Should be Set

Peak's opposition to a scheduling conference is premised on the same argument as that for the discovery stay. MFA's response is likewise identical.

If the Court grants the motion for leave to file the amended Complaint, there is no reason to further delay the scheduling conference.

### V. Conclusion

For the foregoing reasons, MFA respectfully requests that the Court grant all three portions of the motion, allowing the amended Complaint, lifting the discovery stay, and setting a scheduling conference.

Dated: May 15, 2020

Respectfully submitted,

By:   */s/ Perry S. Clegg*

    Perry S. Clegg (USB 7831)
       pclegg@kba.law
    **KUNZLER BEAN & ADAMSON, PC**
    50 W. Broadway, Suite 1000
    Salt Lake City, UT 84101
    Tel.: (801) 994-4646
    Fax: (801) 758-7436

    *Attorneys for Plaintiff,*
    Modern Font Applications LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court for the District of Utah, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

           */s/ Perry S. Clegg*