IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>PEAK RESTAURANT PARTNERS, LLC, *et al.*,<br><br>                      Defendants, | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MODERN FONT APPLICATIONS LLC'S MOTION<br><br>Case No. 2:19-CV-221 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Modern Font Applications LLC's ("MFA") Motion for Leave to File Amended Complaint, for Initial Scheduling Conference, and to Lift Discovery Stay. For the reasons discussed below, the Court will grant in part and deny in part the Motion.

I. BACKGROUND

MFA filed this action against Dine Brands Global Corp. ("Dine"), Peak Restaurant Partners, LLC ("Peak"), and DOES 1-5 alleging that Defendants' IHOP application for iOS devices infringes U.S. Patent No. 9,866,421 ("Patent 421"), titled "Allowing Operating System Access to Non-Standard Fonts in a Network Document."[1] Dine and Peak filed Motions to Dismiss ("Motion"),[2] which the Court granted.[3]

---

[1] Docket No. 2, at 1.

[2] *See* Docket Nos. 32 and 33.

[3] *See* Docket Nos. 48 and 120.

With respect to Peak's Motion to Dismiss, the Court dismissed the complaint without prejudice, and permitted MFA to file a motion for leave to file an amended complaint.[4] The Court did so because "MFA's Complaint [did] not provide adequate factual information to support its allegations against Peak and therefore does not give Peak 'fair notice' of the claims lodged against Peak."[5]

With respect to Dine's Motion to Dismiss, the Court dismissed Dine after concluding that venue was improper in the District of Utah.

MFA now moves for leave to file an amended complaint and requests that the discovery stay be lifted and an initial scheduling conference be set. MFA contends that its amended complaint contains specific allegations that more clearly identify Peak's infringement.[6] The amended complaint also continues to assert that venue is proper as to Dine despite the Court's contrary ruling.[7] Peak and Dine argue that MFA's amended complaint is futile because amended allegations do not remedy the deficiencies identified by the Court.[8] Peak and Dine also assert that MFA's continued insistence that venue is proper as to Dine defies this Court's venue ruling.[9]

In addition to the current Motion before the Court, Defendants filed a motion for leave to file a surreply on grounds that MFA made a novel argument in its Reply.[10] MFA opposes this.[11]

II. MOTION TO AMEND STANDARD

---

[4] *See* Docket No. 48, at 7.

[5] *See id.* at 5.

[6] *See* Docket No. 122, at 2.

[7] *See* Docket No. 127, at 4.

[8] *See* Docket No. 126, at 2.

[9] *See id.* at 5.

[10] *See* Docket No. 128.

[11] *See* Docket No. 129.

The Federal Rules of Civil Procedure permit a party to amend its complaint by leave of the Court "when justice so requires."[12] Typically, leave to amend should be "given freely," but the Court "may deny leave where amendment would be futile."[13] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[14]

### III. DISCUSSION

A. Amended Complaint

Defendants take issue with two aspects of the amended complaint. First, Defendants argue that MFA's allegations regarding Dine suffer the same deficiencies that previously warranted dismissal. Second, Peak argues that MFA's amended allegations do not provide Peak with adequate notice of the specific allegations against it, and thus the amended complaint suffers the same flaw as its predecessor.

MFA acknowledges that the Court dismissed Dine for improper venue, but argues that its venue allegations should be included in the amended complaint to preserve the issue for appeal. MFA relies on a Third Circuit case, *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*,[15] for the proposition that a party waives its right to appeal a district court's dismissal of a co-defendant from a complaint by failing to replead claims against that co-defendant in an amended complaint.[16] Defendants argue *U.S. ex rel. Atkinson*'s rule requiring repleading dismissed claims against dismissed parties only applies when the dismissal was not on the merits.[17]

---

[12] FED. R. CIV. P. 15(a)(2).

[13] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (internal quotation marks omitted).

[14] *Id.* (internal quotation marks omitted).

[15] 473 F.3d 506, 516 (3d Cir. 2007).

[16] *See* Docket No. 127, at 4.

[17] *See* Docket No. 128-2, at 2 (quoting *U.S. ex rel. Atkinson*, 473 F.3d at 516).

As a general rule, a party does not have "to replead claims previously dismissed on their merits in order to preserve those claims."[18] However, when an amended complaint leaves out a defendant rather than a cause of action, notice of the amending party's intentions to stand on the previous pleading must be afforded to the dismissed party.[19] Otherwise, a dismissed party has a "legitimate expectation that they are no longer involved in the litigation."[20] Courts have recognized different ways to stand on one's complaint. For example, a party may add "a section to an amended pleading specifically preserving the claim . . . ."[21] Or at least one court has recognized that the very fact of moving to amend a complaint to include a dismissed party is sufficient to preserve a claim.[22]

Here, MFA's attempt to amend its complaint regarding Dine would be futile. Contrary to MFA's argument—that it must maintain its claims against Dine in its proposed amended pleadings—MFA has other avenues for preserving its appeal. Indeed, the very fact that MFA moves to amend its complaint to include Dine is sufficient to preserve its claim. Or, as the Third Circuit stated, "it would also be acceptable for [MFA] to file a notice with the district court stipulating that [it] has decided to stand on [its] previous pleading with respect to [Dine] . . . ."[23]

---

[18] *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1518 (10th Cir. 1991) ("We believe that a rule requiring plaintiffs who file amended complaints to replead claims previously dismissed on their merits in order to preserve those claims merely sets a trap for unsuspecting plaintiffs with no concomitant benefit to the opposing party.").

[19] *U.S. ex. rel. Atkinson*, 473 F.3d at 517.

[20] *Id.* at 516.

[21] *Id.* at 517; *Smith v. Nat'l Health Care Serv. of Peoria*, 934 F.2d 95, 98 (7th Cir. 1991).

[22] *See Thorpe v. Borough of Thorpe*, 3:10-CV-01317, 2011 WL 5878377, at *5 (M.D. Pa. Nov. 23, 2011).

[23] *U.S. ex. rel. Atkinson*, 473 F.3d at 517.

The Court will deny MFA's request for leave to amend its complaint with respect to Dine because amendment is futile and MFA may preserve its appellate rights through other means.

With respect to Peak, the Court originally dismissed MFA's claims because "MFA's Complaint does not provide adequate factual information to support its allegations against Peak and therefore does not give Peak 'fair notice' of the claims lodged against it."[24] The deficiencies in the original complaint centered on the ambiguity of the term "Defendant(s)" in instances where it was difficult to tell who was the allegations' subject.[25] This ambiguity deprived Peak of notice of the alleged wrongdoing for which it was accused.[26] MFA's proposed amended complaint remedies this issue. For example, in paragraph 53 and beyond, MFA clarifies the specific defendant for each allegation.[27] MFA also adds specific details of how Peak allegedly induced infringement.[28] The Court concludes that MFA's proposed amended complaint is not futile with regards to Peak and will grant leave to amend.

B. Discovery Stay

The Court previously stayed discovery pending resolution of Peak and Dine's motions to dismiss because "resolution of the pending motions could dispose of the entire action."[29] The Court resolved the motions to dismiss and will now allow MFA to amend its complaint. Thus, the purpose for staying discovery has now expired and the discovery stay will be lifted with

---

[24] Docket No. 48, at 5.

[25] *See id.* at 6–7.

[26] *See id.* at 7 ("MFA has not provided enough factual basis to allow the Court to 'draw reasonable inference' that Peak 'is liable for the misconduct alleged . . . .").

[27] *See* Docket No. 122-1, ¶¶ 53–62.

[28] *See, e.g.*, *id.* ¶¶ 55–57

[29] Docket No. 42, at 3.

respect to Peak. For substantially the same reasons, a scheduling conference will be set if the parties are unable to agree to a scheduling order.

## IV. CONCLUSION

It is therefore

ORDERED that MFA's Motion to Amend (Docket No. 122) is GRANTED with respect to Peak and DENIED with respect to Dine. MFA should file an amended complaint in compliance with the Court's direction within fourteen (14) days. It is further

ORDERED that the Discovery stay with respect to Peak is lifted. It is further

ORDERED that Defendants' Motion to File Surreply (Docket No. 128) is GRANTED.

DATED June 8, 2020

                BY THE COURT:

                Ted Stewart
                United States District Judge