IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MODERN FONT APPLICATIONS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PEAK RESTAURANT PARTNERS, LLC, a Delaware limited liability company; and DOES 1-5,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:19-CV-221 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Peak Restaurant Partners, LLC's ("Peak") Motion to Dismiss Plaintiff's Amended Complaint. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Modern Font Applications LLC ("MFA") originally filed this action against Dine Brands Global Corp. ("Dine"), Peak Restaurant Partners, LLC ("Peak"), and DOES 1-5 alleging that Defendants' IHOP application for iOS devices infringes U.S. Patent No. 9,866,421 (the "'421 patent"), titled "Allowing Operating System Access to Non-Standard Fonts in a Network Document."[1] Dine and Peak filed motions to dismiss,[2] which the Court granted.[3]

With respect to Peak's motion to dismiss, the Court dismissed the complaint without prejudice and permitted MFA to file a motion for leave to file an amended complaint.[4] The

---

[1] Docket No. 2, at 1.

[2] *See* Docket Nos. 32 & 33.

[3] *See* Docket Nos. 48 & 120.

[4] *See* Docket No. 48, at 7.

1

Court did so because "MFA's Complaint [did] not provide adequate factual information to support its allegations against Peak and therefore does not give Peak 'fair notice' of the claims lodged against Peak."[5]  With respect to Dine's motion to dismiss, the Court dismissed Dine after concluding that venue was improper in the District of Utah.

The Court permitted MFA to file an Amended Complaint against Peak.  Peak now seeks dismissal of that Amended Complaint.

## II. MOTION TO DISMISS STANDARD

The law of the regional circuit applies in patent law cases to issues involving a procedural question, such as a Rule 12(b)(6) motion to dismiss.[6]  In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[7]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[8] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

---

[5] *See id.* at 5.

[6] *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007) ("A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law.  Thus, on review we apply the law of the regional circuit.").

[7] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

enhancement.'"[10]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[11]

As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[12]

In the patent infringement context, "*Twombly* and *Iqbal* require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed."[13]

### III. DISCUSSION

Before reaching the merits of the Motion, the Court must first address MFA's arguments that the Court had already ruled on the issues raised by Peak and that Peak has waived its ability to raise these arguments.

A.   PRIOR RULING

MFA first argues that, by permitting it to file its Amended Complaint, the Court has already ruled on the issues raised in this Motion.  The Court disagrees.  Peak did argue that amendment would be futile.  However, the Court's ruling granting leave to amend focused on the ambiguity—use of the term "Defendant(s)"—it previously identified in MFA's original

---

[10] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[11] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[12] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[13] *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x. 934, 936 (Fed. Cir. 2015).

complaint.  Thus, the Court has not decided the issue presented in the Motion to Dismiss and, even if it had done so implicitly, the Court retains the ability to reconsider any non-final order.[14]  Therefore, the Court's previous order poses no impediment to consideration of the issues presented in Peak's Motion.

B.     WAIVER

MFA also argues that Peak's Motion is barred by Federal Rule of Civil Procedure 12(g).  Rule 12(g) provides that, "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Rule 12(h)(2) allows a party to assert a failure to state a claim in a pleading allowed under Rule 7(a), by a motion under Rule 12(c), or at trial.  MFA argues that since Peak did not previously raise the precise arguments contained in the instant Motion, it is barred from raising them now.

The Tenth Circuit has held that it is, at most, harmless error for a court to consider a successive motion to dismiss for failure to state a claim where it would "not affect the substantive rights of the parties."[15]  Here, MFA provides nothing to suggest that its substantive rights will be affected.  The Court applies the same standard under Rule 12(b)(6) and Rule 12(c).[16]  Thus, the timing of the Motion makes no difference.  Further, any prejudice to MFA in having to respond to this Motion is of its own making due to its imprecise pleading.  Therefore, the Court will consider Peak's Motion on the merits.

---

[14] Fed. R. Civ. P. 54(b).

[15] *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty.*, 771 F.3d 697, 704 (10th Cir. 2014).

[16] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

C.     DIRECT INFRINGEMENT

MFA's allegations of direct infringement are limited.  MFA alleges that the IHOP application infringes the '421 patent.  MFA goes on to allege that "employees of Defendants [sic] Peak . . . use the accused products and systems in the state of Utah."[17]  MFA's other allegations are similarly conclusory.[18]  Without more, these allegations are insufficient.

In its Opposition, MFA states that, prior to filing the Complaint, it conducted an inquiry and discovered that IHOP restaurant employees were downloading and using the IHOP application.  However, such allegations are not included in the Amended Complaint and, therefore, are not properly before the Court.  As a result, this claim must be dismissed.

D.     INDUCED INFRINGEMENT

"For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'"[19]

MFA alleges that Peak induced others to infringe the '421 patent.  In support, MFA points to an IHOP website and menu, which encourage customers to download the application that allegedly infringes the patent.  However, MFA offers nothing to suggest that Peak intended its customers to infringe; only that customers were encouraged to download the application.  Moreover, there are no allegations that Peak designs or controls the website or menus that

---

[17] Docket No. 134 ¶ 20.

[18] *See id.* ¶¶ 42–43.

[19] *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

allegedly encouraged infringement. Thus, there is no plausibly alleged link between Peak and the alleged induced infringement.

E.     LEAVE TO AMEND

Finally, the Court considers MFA's request for leave to amend. Rule 15(a) provides that leave to amend should be freely granted. However, amendment may be denied based on a "repeated failure to cure deficiencies by amendments previously allowed."[20]  Here, MFA has been provided ample opportunities to plead plausible allegations of infringement yet has failed to do so. No further amendment will be permitted.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 137) is GRANTED.

DATED September 8, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[20] *Foman v. Davis*, 371 U.S. 178, 182 (1962).